**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**CAROLYNN HAYES**                                                          **PLAINTIFF**

       v.            Civil No. 06-5131

**THE HAMMER CORPORATION d/b/a**
**INNOVATIVE CANDY CONCEPTS, LLC**                                          **DEFENDANTS**

**O R D E R**

Now on this 7th day of August, 2006, comes on for consideration **Defendant's Motion To Dismiss Outrage Claim** (document #4), and from said motion, and the response thereto, the Court finds and orders as follows:

1. Plaintiff's Complaint alleges breach of contract and outrage claims stemming from her termination at a job with defendant. Defendant now moves to dismiss the outrage claim, pursuant to **F.R.C.P. 12(b)(6),** for failure to state a claim upon which relief can be granted.

2. It is axiomatic that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." **Krentz v. Robertson Fire Protection District**, 228 F.3d 897 (8th Cir. 2000). The complaint must be viewed in the light most favorable to plaintiff, and factual allegations taken as true. It has been said that "as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes

allegations that show on the face of the complaint that there is some insuperable bar to relief." *Id.* (citations omitted).

3. The Court believes that the case at bar is one of those unusual cases. Two of the touchstones of the tort of outrage under Arkansas law are that the conduct in question be "beyond all possible bounds of decency, and . . . utterly intolerable in a civilized society," and that the resulting emotional distress be "so severe that no reasonable person could be expected to endure it." **Crawford County v. Jones**, --- S.W.3d ---, **2006 WL 649986 (2006)**.

The basis of the outrage claim, as set forth in the Complaint, is

\* that Armand Hammer, defendant's president, wrote a letter on behalf of the plaintiff setting forth the level of her annual salary and benefits, knowing that the letter was to be used to secure a loan for a new house, considerably more expensive than her previous one; and

\* that six months later Hammer fired plaintiff without cause or explanation, knowing that such termination would cause her severe emotional distress.

There is simply no way that this conduct rises to the extremely high level required by Arkansas law. The Court, therefore, finds that defendant's motion should be granted.

**IT IS THEREFORE ORDERED** that **Defendant's Motion To Dismiss**

**Outrage Claim** (document #4) is **granted,** and plaintiff's claim for outrage is hereby **dismissed.**

**IT IS SO ORDERED.**

                                           **/s/ Jimm Larry Hendren**
                                           **JIMM LARRY HENDREN**
                                           **UNITED STATES DISTRICT JUDGE**